UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
JOAO BOCK TRANSACTION                 :
SYSTEMS, LLC
                                      :
                                      :        Civil Action Number
                    Plaintiff,        :          03 Civ. 10199 (WWE)
                                      :
        -against-                     :
                                      :
SLEEPY HOLLOW BANK and                :
JACK HENRY & ASSOCIATES, INC.         :
                                      :
                    Defendants.       :
--------------------------------------------------------x


**PLAINTIFF'S MEMORANDUM IN FURTHER
OPPOSITION TO DEFENDANTS' ANTICIPATION
AFFIRMATIVE DEFENSE ARGUMENT PRESENTED
AT THE CONFERENCE HELD ON MARCH 23, 2009**


FRIED & EPSTEIN LLP
Empire State Building
350 Fifth Avenue, Suite 7612
New York, New York 10118
Telephone:  (212) 268-7111

*Attorneys for Plaintiff*


John W. Fried,
        Of Counsel

April 2, 2009

**POINT**

**THE "CONFIDENTIAL" JACK HENRY CASH MANAGEMENT PRODUCT AND SERVICE DID NOT ANTICIPATE CLAIM 108 AS A MATTER OF LAW.**

Plaintiff Joao Bock Transaction Systems, LLC ("Joao") submits this memorandum of law in further opposition to Defendants' reiterated argument, made at the March 23, 2009 conference, that Claim 108 of the '725 Patent is anticipated, as a matter of law, by the Jack Henry & Associates, Inc. ("JHA) "Confidential" Cash Management Product and Service ("Cash Management"). Based on Joao's previously filed opposition to Defendants' motion for summary judgment, as summarized in part below, the relief Defendants seek should be denied.

Clear and convincing evidence is needed to invalidate any of the claims-in-suit. *McGinley v. Franklin Sport, Inc.,* 262 F.3d 1339, 1349 (Fed. Cir. 2001); *EMI Group N. Am., Inc. v. Cypress Semiconductor Corp.*, 268 F.3d 1342, 1350 (Fed. Cir. 2001); *Juicy Whip, Inc. v. Orange Bang, Inc.,* 292 F.3d 728, 742-43 (Fed Cir. 2002). Further, all claim limitations must be considered in judging patentability. *In re Wilson*, 424 F.2d 1382, 1385 (CCPA 1970) ("All words in a claim must be considered in judging the patentability of that claim against prior art."). Defendants, in their repeated attempts to invalidate Claim 108, have failed to provide such clear and convincing evidence to invalidate Claim 108.

At the conference, Defendants' counsel presented the Court with a drawing purporting to depict the relationship between Cash Management and Claim 108. Based on the drawing, counsel argued that Cash Management anticipated Claim 108. As explained below, Defendants' argument is contrary to the summary judgment record.

The summary judgment record discloses that Cash Management required a bank customer, seeking to stop the payment of a check, to print, sign, and mail to his or her bank, a computer screen print out of the stop payment page displayed by Cash Management. Concerning that feature, JHA's Rule 30(b)(6) witness, Jon Henley, testified that Cash Management required a bank customer, after conveying a stop payment instruction, to "take a screen shot of this stop payment screen and authorize it and send it to the bank as follow-up authorization." (Fried Declaration, ¶ 8, Ex. 5 [Henley Dep., 45:17—46:11] [Dkt. 91]). More specifically, Mr. Henley testified as follows:

> Q.    After that data, check date, check number, amount, and payee are recorded and stored in the bank's host computer, what next happens for the bank's customer to continue this banking transaction?
>
> A.    There was a bank policy that stop payment instructions would be followed up by written notification. Typically, what would occur is the bank's customer would take a screen shot of this stop payment screen and authorize it and send it to the bank as follow-up authorization. And I'm speaking as best practice. I

2

just developed the software and then the banks use that software and then it's up to them to tell their customers:  Here's what you need to do to authorize this stop payment.  And typically that's what it would be.  Take a print screen, sign it, send it to the bank.

JHA's other Rule 30(b)(6) witness, Joseph Nicholas, agreed that this "print, sign, and mail" requirement of Cash Management required human intervention.  (Fried Declaration, ¶ 9, Ex. 6 [Nicholas Dep., 85:7-10] [Dkt. 91]).  In other words, Cash Management required human intervention in the receiving and storing of a stop payment instruction.  Because no such human intervention is involved in Claim 108, that is why, in part, Cash Management does not anticipate Claim 108.  It is noteworthy that the drawing Defendants' counsel presented to the Court did not disclose the above-described "print, sign, and mail" requirement.

To circumvent his above-quoted deposition testimony, JHA had Mr. Henley submit a confidential affidavit in connection with the summary judgment motions.  (Jones Declaration, Ex. K [Aff. of Jon Henley – Filed Under Seal] [Dkt. 81]).  In that confidential affidavit, Henley averred, contrary to his deposition testimony, that Cash Management would cause a stop payment instruction to be transmitted to, received by, and carried out by a bank's host computer automatically, *i.e.*, without human intervention.

3

Nowhere, however, in the summary judgment record is there any corroboration of that averment in Mr. Henley's affidavit.

Defendants have designated all documents, including Mr. Henley's affidavit, and deposition testimony describing the features of Cash Management, as "Confidential," and therefore, not publicly accessible. That disqualifies Cash Management as invalidating prior art with regard to Claim 108 or any other claim of the '725 Patent.

An invalidating prior art reference must be known or used by others in this country. *See* 35 U.S.C. § 102(a). "Known" has been interpreted to mean knowledge that is accessible to the public. *Minnesota Mining & Mfg. Co. v. Chemque, Inc.,* 303 F.3d 1294, 1301 (Fed. Cir. 2002). Private or secret knowledge is not within the parameters of section 102(a) and, for that reason, such knowledge cannot be a prior art reference that anticipates a patent application. *Connecticut Valley Enters, Inc. v. United States*, 348 F.2d 949, 952 (Ct. Cl. 1965). "Used" has been interpreted to mean publicly accessible use, and that means the absence of affirmative steps to conceal. *Minnesota Mining,* 303 F.3d at 1301; 1 DONALD S. CHISUM, CHISUM ON PATENTS § 3.05[2][a] (2002).

Cash Management cannot invalidate Claim 108 because the purported feature that permitted a stop payment instruction to be transmitted to, received by, and carried out by a bank's host computer automatically, *i.e.*,

without human intervention, was not known or used by others in this country before the August 8, 1996 priority date of the '725 Patent. *See Aspex Eyewear, Inc. v. Concepts in Optics, Inc.*, 111 Fed.Appx. 582, 587 (Fed. Cir. 2004).   In *Woodland Trust v. Flowertree Nursery, Inc.*, 148 F.3d 1368, 1370 (Fed. Cir. 1998), the court, in addressing the issue of whether an invention is known or used by others under 35 U.S.C. §102(a), stated: "Accordingly, in order to invalidate a patent based on prior knowledge or use, that knowledge or use must have been available to the public." *See also Carella v. Starlight Archery*, 804 F.2d 135, 139 (Fed. Cir. 1986) (the §102(a) language "known or used by others in this country" means "knowledge or use which is accessible to the public").

Here, what Defendants allege to be the purported automatic stop payment feature of the "Confidential" Cash Management Product and Service has never been disseminated and was not publicly accessible before the August 8, 1996 priority date of the '725 Patent and, therefore, it cannot invalidate Claim 108.

Further, to anticipate a patent claim, a prior art reference must disclose, either expressly or inherently, all of the limitations of the claim, *EMI Group N. Am., Inc., v. Cypress Semiconductor Corp.*, 268 F.3d 1342, 1350 (Fed. Cir. 2001). The Cash Management documents do not disclose expressly or inherently all of the limitations of the claims-in-suit.

With regard to Claim 108, the Cash Management documents do not disclose expressly or inherently the claim limitations "wherein the limitation or restriction is automatically received by the receiver, and further wherein the limitation or restriction is automatically stored in the memory device" and "wherein the central processing device utilizes the limitation or restriction automatically stored in the memory device in processing the banking transaction, and further wherein the central processing device generates a signal containing information for allowing or disallowing the banking transaction."

Cash Management required human intervention in receiving and storing the stop payment instruction as Mr. Henley so testified. To the extent, however, that Defendants and their witness Jon Henley maintain that the above-described written stop payment authorization was not needed, Defendants have failed to provide any evidence corroborating such testimony. Mr. Henley's uncorroborated deposition testimony and affidavit are insufficient to invalidate Claim 108. The Federal Circuit has held that oral testimony of alleged prior public use must be corroborated in order to invalidate a patent claim. *Juicy Whip, Inc. v. Orange Bang, Inc.*, 292 F.3d 728, 737-38 (Fed. Cir. 2002); *Finnegan Corp. v. US Int'l Trade Comm'n*, 180 F.3d 1354, 1366-67 (Fed. Cir. 1999). The Federal Circuit in *Juicy Whip* further stated that:

"[S]uch testimony alone cannot surmount the hurdle that the clear and convincing evidence standard imposes in proving patent invalidity."  *Juicy Whip*, 292 F.3d at 742-43 (citation omitted).    Therefore, Defendants cannot attempt to fill in the missing pieces of their "Confidential" Cash Management Product with uncorroborated testimony from their witness.

<u>CONCLUSION</u>

For the foregoing reasons, Defendants' Cash Management does not anticipate Claim 108, and Defendants' motion for summary judgment should be denied.

Dated:        New York, New York
              April 1, 2009

FRIED & EPSTEIN LLP

By_____
     John W. Fried (JF-2667)

Empire State Building
350 Fifth Avenue, Suite 7612
New York, New York 10118
Tel:  212-268-7111

*Attorneys for Plaintiff*

7