UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOAO BOCK TRANSACTION SYSTEMS LLC | **ECF Case** |
| Plaintiffs, | |
| -against- | Civil Case No. 03 Civ. 10199 WWE |
| SLEEPY HOLLOW BANK and JACK HENRY & ASSOCIATES, INC., | **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO PRECLUDE JOAO FROM TESTIFYING AS ONE OF ORDINARY SKILL IN THE ART** |
| Defendants. | |

Defendants Jack Henry & Associates, Inc., and Sleepy Hollow Bank, (collectively "Jack Henry"), has moved to preclude any testimony by plaintiff Raymond Anthony Joao ("Joao") on how a person having ordinary skill in the art would view, apply or interpret the patent in suit, U.S. No. 6,529,725 (the '725 patent). During his deposition testimony, Joao repeatedly testified that he is *not* a person having ordinary skill in the art. Joao refused or was unable to answer any questions as to how a person having ordinary skill in the art would view and/or interpret his patent. Therefore, Joao by his own testimony is not qualified to offer any opinions or testimony how a person of ordinary skill in the art would view and/or interpret the '725 patent, including any opinions or conclusions as to whether a person of ordinary skill in the art would find claims in the '725 patent anticipated or made obvious by the prior art.

Whether or not a patent claim is anticipated or obvious under 35 U.S.C. § 103 is an integral part of any patent infringement lawsuit. Those charged with determining compliance with 35 U.S.C. § 103 are required to place themselves in the minds of those of ordinary skill in the relevant art at the time the invention was made, to determine if the invention would have been obvious at an early date in light of what was available to a person skilled in the art. *Interconnect Planning Corp. v. Feil, et al.*, 774 F.2d 1132, 1138 (Fed. Cir. 1985). The invention

must be evaluated not through the eyes of the inventor, but through the eyes of one of "ordinary skill." *Id. See Stewart-Warner Corp. v. City of Pontiac, Michigan*, 767 F.2d 1563, 1570 (Fed. Cir. 1985). ("[a]lthough Section 103 is not concerned with the actual skill of the inventors – whose skill may be extraordinary – but rather with the level of ordinary skill in the art . . . .")

Joao testified on a number of occasions that he is not a person having an ordinary skill in the art. During his July 8, 2004 deposition (excerpts attached as Exhibit A) he stated the following:

| | | | |
|---|---|---|---|
| p. 58 | lines 9-10 | A: | Well I am not a person having an ordinary skill in the art. |
| p. 58 | lines 19-22 | Q: | Why do you say you are not a person skilled in the art? |
| | | A: | Because I am an inventor and person of extraordinary skill in the art. |
| p. 60 | lines 19-20 | A: | Again, I am not a person having ordinary skill in the art. |
| p. 72 | lines 19-25 | Q: | Would you regard Mr. Bock as a person skilled in the art? |
| | | A: | I would say that Mr. Bock is an inventor and he is extraordinarily skilled in the art, not a person of ordinary skill in the art. |
| | | Q: | So he is like you, more than ordinarily skilled in the art? |
| p. 73 | line 1 | A: | That's correct. |
| p. 77 | lines 22-23 | A: | Again, I am not a person of ordinary skill in the art. |
| p. 82 | line 25 | A: | I said I was not a person of ordinary skill in the art. |
| p. 90 | lines 12-17 | A: | Remember I am not a person of ordinary skill in the art. |
| p. 94 | lines 10-11 | A: | Again, I am not a person of ordinary skill in the art. |
| p. 109 | lines 12-14 | A: | Again, if you are asking me to interpret a patent document I would have to, I am not a person of ordinary skill in the art. |

      p. 154  lines 13-18    Q:    You are a person not having ordinary skill in the art, is that right?

                                      A:    I am a person who does not have ordinary skill in the art

Considering that Joao consistently testified that he is not a person of ordinary skill in the art, he should be precluded from offering testimony on how a person of ordinary skill in the art would view and/or interpret the '725 patent.

Therefore, Jack Henry respectfully requests this Court grant this Motion in Limine to preclude Joao from offering any testimony on how a person having ordinary skill in the art would view, apply and/or interpret the '725 patent, or opine as to whether claims within the patent would be either anticipated by or made obvious by a person of ordinary skill in the art.

                                            Respectfully submitted,

                                            */s/ Russell S. Jones, Jr.*
                                            Russell S. Jones, Jr.
                                            Richard P. Stitt
                                            POLSINELLI SHUGHART PC
                                            120 W. 12th Street, Suite 1700
                                            Kansas City, MO  64105
                                            Telephone:  (816) 421-3355
                                            Facsimile:  (816) 374-0509
                                            rjones@polsinelli.com
                                            rstitt@polsinelli.com

                                            SONNENSCHEIN, NATH & ROSENTHAL
                                            Patrick Fitzmaurice (PF/8648)
                                            1221 Avenue of the Americas
                                            New York, NY 10020-1089
                                            Fax: (212) 768-6800
                                            fitzmaurice@sonnenschein.com

                                            **ATTORNEYS FOR DEFENDANTS**
                                            **SLEEPY HOLLOW BANK AND**
                                            **JACK HENRY & ASSOCIATES, INC.**

2604901.02

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 8th day of February, 2010, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

John W. Fried
Fried & Epstein
The Empire State Building
350 5th Avenue, Suite 7612
New York, NY  10018
Attorneys for Plaintiffs

                              */s/ Russell S. Jones, Jr.*
                              Attorney for Defendants

2604901.02