UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JOAO BOCK TRANSACTION SYSTEMS, LLC,  :          ECF Case
                                     :
            *Plaintiff,*              :
                                     :          Civil Action Number
        -against-                    :          03 Civ. 10199 (WWE)
                                     :
SLEEPY HOLLOW BANK and JACK          :
HENRY & ASSOCIATES, INC.             :
                                     :
            *Defendants.*             :
------------------------------------------------------------------x

# TRIAL MEMORANDUM

Question Presented

Is it proper to ask the jury to determine whether Raymond Joao is a person of ordinary skill in the art?

Conclusion

No. An inventor is an individual who has a higher level of skill and knowledge than the ordinary person, and uses that skill to create and invent something new. The Supreme Court recognized this principle long ago:

> No invention can possibly be made, consisting of a combination of different elements . . . without a thorough knowledge of the properties of each of them, and the mode in which they operate on each other. And it can make no difference, in this respect, whether [the inventor] derives his information from books, or from conversation with men skilled in the science. If it were otherwise, no patent, in which a

> combination of different elements is used, could ever be obtained.

*O'Reilly v. Morse*, 56 U.S. 62, 111 (1853).

The courts continue to follow the Supreme Court precedent that recognizes inventors as having a skill level which is higher than those of ordinary skill.

> Inventors, as a class, according to the concepts underlying the Constitution and the statutes that have created the patent system, possess something -- call it what you will -- which sets them apart from the workers of ordinary skill, and one should not go about determining obviousness under § 103 by inquiring into what patentees (i.e., inventors) would have known or would likely have done, faced with the revelations of references.

*Standard Oil Company v. American Cyanamid Co.*, 774 F.2d 448, 454 (Fed. Cir. 1985) (emphasis in original).  *See also, Kloster Speedsteel AB v. Crucible Inc.*, 793 F.2d 1565, 1574 (Fed. Cir. 1986) (extraordinary skill level described as the level of skill of other inventors in the art); *Stewart Warner Co. v. City of Pontiac, Michigan*, 767 F.2d 1563, 1570 (Fed. Cir. 1985) (skill level of inventors may be extraordinary); *North American Vaccine, Inc. v. American Cyanamid Co.*, 7 F.3d 1571, 1580 (Fed. Cir. 1993) (Rader dissent) ("*[b]ecause inventors generally have extraordinary skill*, their scientific writings outside the patent are rarely even a source of knowledge about ordinary skill in the art." (Emphasis added)).

In short, an inventor (and most expert witnesses) is one of higher or extraordinary skill in the art.  Such witnesses are well positioned to testify as to the ordinary skill in the art.

Dated:  New York, New York
        March 15, 2010

FRIED & EPSTEIN LLP

By   *John W. Fried*
     John W. Fried (JF-2667)

The Empire State Building
350 Fifth Avenue, Suite 7612
New York, New York 10018
212-268-7111

*Attorneys for Plaintiff Joao Bock Transaction Systems, LLC*